*No.* 9.

**BARKER** *against* **WILLARD.** *Windsor*, 1818.

IN an action on the case, by bail, in a Jail bond against a third person, for forcing the principal out of the limits, the jurisdiction is to be ascertained by the amount *due* on the face of the bond, and not by the amount of penalty.

*DECLARATION*—In a plea of the case, for that the said Robert, at Woodstock, aforesaid, on the 17th day of August, 1816, became bail, in a Jail bond, to the keeper of the Jail, in said County, in the penalty of $60, for the admission of one John Marsh, to the liberties of the yard, who was imprisoned on an execution in favor of Mower and Ward, for the sum of $31,77, in the whole, dated August 10, 1816, signed by Benjamin Swan, Justice Peace ; the said John Marsh being committed to said prison, as aforesaid, and admitted to the liberties of said prison, the said Willard, the defendant, on the 27th day of August, last aforesaid, then and there, well knowing the said John Marsh to be a prisoner within the liberties of the Jail-yard, aforesaid, did wilfully and maliciously force the said Marsh out and over the bounds of said liberties and out of the yard of said Jail, in which the said John was imprisoned, as aforesaid, wherefore, and by reason of all which said

premises the penalty of said bond bacame absolute, and the said Robert liable to respond the same to the said sheriff, wherefore the said Robert says, that the said Willard, by reason of the premises aforesaid, became liable to him, the said Robert, to pay him the amount of the penalty of said bond, and all damages and costs by said Robert expended, in and about the same ; to the damage of plaintiff, one hundred dollars.

*Plea*—That the cause of action is within the jurisdiction of a Justice of the Peace, and not within the jurisdiction of the County Court.

By the Court.   There would not be, in this case, any recovery of a penalty, to be chancered in equity, but the recovery must be of damages, actually sustained by the plaintiff—the declaration furnishes a specific rule of damages, by which the plaintiff is limited.   It does not appear, by the declaration, that the damages could possibly exceed the jurisdiction of a Justice.

*Judgment*—That County Court has not jurisdiction.

JUROR—See New Trial 8, 11, 13.